UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

NEUROCOLOR, LLC,                                    Case No. 25-CV-2089 (PJS/JFD)

        Plaintiff and Counter
        Defendant,

v.                                                                  ORDER

JOHN TIERNEY, as Executor of the Estate
of Helen Fisher,

        Defendant, Counter
        Plaintiff, and Third-
        Party Plaintiff,

v.

DAVID LABNO and LIISA LABNO,

        Third-Party
        Defendants.

---

Brandon Underwood, FREDRIKSON & BYRON, P.A., for plaintiff, counter defendant, and third-party defendants.

Erick G. Kaardal, Gregory M. Erickson, and Elizabeth A. Nielsen, MOHRMAN, KAARDAL & ERICKSON, P.A., for defendant, counter plaintiff, and third-party plaintiff.

This dispute arises from the death of Dr. Helen Fisher, one of the three members of plaintiff NeuroColor, LLC ("NeuroColor").  Upon Fisher's death, her interests in NeuroColor passed to her estate.  NeuroColor thereafter brought this declaratory-judgment action in state court against defendant John Tierney, as Executor of the Estate

of Helen Fisher (the "Estate"), seeking to enforce a contractual buyout provision governing the transferred units.

The Estate removed the lawsuit to this Court, invoking federal diversity jurisdiction. ECF No. 1. The Estate also asserted counterclaims against NeuroColor and third-party claims against NeuroColor's surviving members, David Labno and Liisa Labno. ECF No. 10. This matter is now before the Court on NeuroColor's motion to remand and the third-party defendants' motion to dismiss the third-party complaint. ECF No. 12. For the reasons that follow, NeuroColor's motion is granted, this action is remanded to state court, and the third-party defendants' motion is denied as moot.

## I.   BACKGROUND

The relevant jurisdictional facts are undisputed. NeuroColor was formed as a Delaware limited-liability company ("LLC") in 2013. ECF No. 1-2 at 1 ("LLC Agreement").[1] NeuroColor had three members: Fisher owned 39.8% of NeuroColor's member units, David Labno owned 40.2%, and Liisa Labno owned 20.0%. *Id.* at 44 (Schedule of Unitholders); Compl. ¶ 11, ECF No. 1-1. The LLC Agreement defines a "Unitholder" as "any owner of one or more Common Units as reflected on the Company's books and records" and defines a "Common Unit" or "Unit" as "a fractional

---

[1]Citations to the "LLC Agreement" refer to the ECF-generated page numbers that appear on the copy of the NeuroColor Limited Liability Company Agreement docketed as ECF No. 1-2.

part of the Membership Interests of the Unitholder." LLC Agreement at 39, 34. A "Membership Interest," in turn, means any "interest in the Company owned by a Unitholder." *Id.* at 36.

When Fisher died on August 17, 2024, her interests in NeuroColor automatically passed to the Estate by operation of Delaware law. Compl. ¶ 12. The parties agree that this constituted an "Involuntary Transfer" of Fisher's interests under the LLC Agreement. *Id.* ¶ 13; LLC Agreement at 22. Upon an Involuntary Transfer, the LLC Agreement grants NeuroColor the right to purchase the affected units at their "Fair Market Value." LLC Agreement at 22; *see also id.* at 35–36 (defining "Involuntary Transfer" and "Fair Market Value"). When NeuroColor sought to exercise its buyout rights under the Involuntary Transfer provision, however, the Estate disputed NeuroColor's valuation of the units. *See, e.g.,* Compl. ¶¶ 15–20; ECF No. 1 ¶¶ 14–23, 44–51. NeuroColor filed suit in Hennepin County District Court on May 2, 2025, seeking to compel the sale of the transferred units for $50,000. *See generally* Compl.; *see also* ECF No. 13 at 2.

The Estate timely removed the action, claiming that "[t]he Plaintiff and Defendant have diverse citizenship being citizens of different states." ECF No. 1 ¶ 28. The only support that the notice of removal offers for its claim that this Court has diversity jurisdiction is the following:

2.      NeuroColor is a Delaware limited liability company, filed in Minnesota as a foreign corporation, incorporated in Delaware, with its principal place of business in Apple Valley, Minnesota. . . .

28.      Venue is proper in the United States District Court for the District of Minnesota under 28 U.S.C. § 1441(b) based upon diversity of citizenship per 28 U.S.C. §1332(a).  The Plaintiff and Defendant have diverse citizenship being citizens of different states.

29.      The Plaintiff NeuroColor is incorporated in the State of Delaware.

30.      The Defendant John Tierney, as the Executor of the Estate of Helen Fisher, resides in the State of New York.  The decedent was a resident of New York.  The Estate of Helen Fisher is under New York court jurisdiction[.]

31.      Jurisdiction is proper[] [u]nder § 1332(a) . . . .

32.      There should be no dispute the NeuroColor action involves citizens of different states.

*Id.* ¶¶ 2, 28–32.[2]  Elsewhere in the notice of removal, the Estate identified David and

Liisa Labno as members of NeuroColor, although it did not identify their citizenship.

*Id.* ¶¶ 5, 47.

For purposes of the remand motion, the parties seem to agree that the Estate is a

citizen of New York and that NeuroColor's surviving members—David Labno and

Liisa Labno—are citizens of Minnesota.  *See* ECF No. 1 ¶¶ 28–32; ECF No. 13 at 15;

Labno Decl. ¶ 3, ECF No. 15; ECF No. 19 at 22.  The parties further agree that although

the Estate was never formally admitted as a member or "Unitholder" of NeuroColor, it

nevertheless holds a "membership interest" in the LLC.  *See* ECF No. 1 ¶¶ 50–51; ECF

No. 13 at 9; ECF No. 19 at 11.

---

[2]NeuroColor is an LLC, and thus the states in which it is incorporated and has its principal place of business are irrelevant to ascertaining its citizenship for purposes of 28 U.S.C. § 1332(a).  What *is* relevant is the citizenship of its members, including David and Liisa Labno, which the notice of removal does *not* identify.

Long ago, this Court lamented that, "[i]n recent years, the Eighth Circuit and the judges of this Court have had to instruct litigants on numerous occasions that, for purposes of the diversity-jurisdiction statute, an LLC is a citizen of every state of which one of its members is a citizen."  *Key Enters., LLC v. Morgan*, No. 12-CV-2628 (PJS/JSM), 2013 WL 353911, at *1 (D. Minn. Jan. 29, 2013) (footnote omitted).  It has been 13 years since the Court published those words, and yet, in the notice of removal, the Estate's attorneys display the mistaken belief that an LLC takes the citizenship of the states in which it is incorporated and has its principal place of business.

NeuroColor now moves to remand, arguing that complete diversity is lacking because the Estate's New York citizenship must be imputed to the LLC.[3]

## II.   ANALYSIS

### A.  Standard of Review

As a general matter, a defendant may remove a civil action filed in state court to federal court if the federal court would have original jurisdiction over the case. 28 U.S.C. § 1441(a).  Removal on the basis of diversity jurisdiction is proper only where there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. §§ 1332(a), 1441.  "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship."  *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citation omitted).  For purposes of the diversity-jurisdiction statute, "an LLC's citizenship is that of its members."  *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).

The Estate, as the removing party, bears the burden of establishing diversity jurisdiction by a preponderance of the evidence.  *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005).  "All doubts about federal jurisdiction should be resolved in

---

[3]NeuroColor also argues that the amount in controversy does not exceed $75,000. ECF No. 13 at 2.  Because the Court agrees that complete diversity is lacking, the Court does not reach this argument.

favor of remand to state court." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th

Cir. 2010) (citation omitted).

### B.  Motion to Remand

To the Estate's credit, this case presents a difficult jurisdictional question that

neither the Supreme Court nor the Eighth Circuit has squarely addressed: "whether the

citizenship of a non-member interest owner in an LLC, such as the Estate here, should

be imputed to the LLC."  ECF No. 13 at 10.  Not to the Estate's credit, however, it has

made little effort to engage with this question in either its woefully inadequate notice of

removal or its not-much-better brief.  The Estate essentially leaves it to the Court to do

its legal work for it.

The Supreme Court has drawn a firm and longstanding distinction between

corporations and unincorporated entities for diversity-jurisdiction purposes.  *See Carden*

*v. Arkoma Assocs.*, 494 U.S. 185, 197 (1990); *Americold Realty Tr. v. Conagra Foods, Inc.*, 577

U.S. 378, 384 (2016).  In *Carden*, the Court held that a limited partnership assumes the

citizenship of all of its partners—both general and limited.  494 U.S. at 192 ("We have

never held that an artificial entity, suing or being sued in its own name, can invoke the

diversity jurisdiction of the federal courts based on the citizenship of *some* but not *all* of

its members.") (emphasis added).  In so holding, the Court expressly rejected

arguments that citizenship should be based on the level of control a partner exercises

over his respective entity—noting that "such considerations have played no part in [the Court's] decisions." *Id.*

The "doctrinal wall" separating corporations from other artificial entities that are not corporations was reaffirmed and clarified in *Americold*, 577 U.S. at 384. There, the Court was asked to define the "members" of a "real estate investment trust" organized under Maryland law. *Id.* at 382. Rather than treating the trust like a corporation, the Court looked to Maryland law to identify those who stand "in the same position" as members of a comparable unincorporated entity. *Id.* The Court held that "Americold's members included its shareholders" because the shareholders had "'ownership interests' and votes in the trust by virtue of their 'shares of beneficial interest.'" *Id.* (quoting Md. Code Ann. Corps. & Ass'ns §§ 8-704(b)(5), 8-101)(d)) (noting that Americold's shareholders "appear[ed] to be in the same position as the shareholders of a joint-stock company or the partners of a limited partnership—both of whom we viewed as members of their relevant entities").

Lower courts have not been consistent in applying the directives of *Carden* and *Americold* in this context. Some lower courts undertake granular examinations of state laws and operating agreements to determine whether a particular interest holder was, in fact, formally admitted as a member of the entity. *See, e.g., United Nat'l Ins. Co. v. Waterfront N.Y. Realty Corp.*, 907 F. Supp. 663, 669–71 (S.D.N.Y. 1995) (concluding that

the citizenship of a decedent partner's estate "need not be considered for diversity purposes" because the estate had not met the requirements of the partnership agreement and state partnership law to become a substituted limited partner); *Carbine v. Xalapa Farm Ltd. P'ship*, 980 F. Supp. 860, 862–64 (E.D. La. 1997) (finding complete diversity lacking where the "requirements of the Partnership Agreement ha[d] been met," so the plaintiff became "a limited partner of the Partnership"); *Metalmark Nw., LLC v. Stewart*, No. 04-0682-KI, 2008 WL 803011, at *2–3 (D. Or. Mar. 20, 2008) (finding complete diversity where an assignee had not met the formal requirements of the LLC operating agreement for becoming a member); *Barber Bro. Contracting Co., LLC v. Hanover Ins. Co.*, No. 13-0105-SDD-RLB, 2013 WL 6230335, at *2–5 (M.D. La. Dec. 2, 2013) (finding complete diversity where an assignee had not "satisfied the prerequisites for membership" under the LLC's operating agreement and applicable state law).

This Court will not follow that approach, as it invites precisely the type of parsing of the "various classes of members with varying degrees of interest and control" that *Carden* eschewed as "particularly unwelcome" in identifying the citizenship of unincorporated entities for purposes of § 1332(a). 494 U.S. at 197. This Court understands *Carden* and *Americold* to hold that, for the purpose of diversity jurisdiction, an unincorporated entity is a citizen of *all* of those who have some type of ownership or membership interest in the entity. *Carden* and *Americold* firmly rejected

the notion that a court should make distinctions *among* those who own or belong to an

unincorporated entity:

> The 50 States have created, and will continue to create, a
> wide assortment of artificial entities possessing different
> powers and characteristics, and composed of various classes
> of members with varying degrees of interest and control.
> Which of them is entitled to be considered a "citizen" for
> diversity purposes, and which of their members' citizenship
> is to be consulted, are questions more readily resolved by
> legislative prescription than by legal reasoning, and
> questions whose complexity is particularly unwelcome at
> the threshold stage of determining whether a court has
> jurisdiction.  We have long since decided that, having
> established special treatment for corporations, we will leave
> the rest to Congress; we adhere to that decision.

*Id.*

Here, the Estate asks this Court to do what *Carden* and *Americold* told it not to do:

make threshold distinctions *among* those who have legal interests in an unincorporated

entity.  Specifically, the Estate asks the Court disregard its citizenship—even though it is

an owner of NeuroColor—because it is not an owner who is a formal member.  The

Court declines to do so.  Under the categorical rule stated in *Carden* and affirmed in

*Americold*, the citizenship of all members of an unincorporated entity must be

considered for diversity purposes.  *Id.*; *Americold*, 577 U.S. at 384.  Although the Estate is

not a "Unitholder," it is a holder of units—a type of membership interest—and its

ownership of those units gives it rights with respect to NeuroColor.  The Court

-10-

concludes that, under *Carden* and *Americold*, the Estate's New York citizenship must be imputed to NeuroColor.[4]

Because NeuroColor is a citizen of both New York and Minnesota, and because the Estate is a citizen of New York, New York citizens appear on both sides of the "v" in this case. Without complete diversity, the Court lacks subject-matter jurisdiction, and the case must be remanded to state court.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

---

[4]The Court also notes that courts frequently "equate[] an association's members with its owners." *Americold*, 577 U.S. at 381; *see also Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens."); *Ray Brown & Assocs., Inc. v. Hot Spring Senior Props., LLC*, No. 8:07CV159, 2008 WL 2271488, at *3 (D. Neb. May 29, 2008) (collecting cases and noting that "the terms 'membership' and 'ownership' appear to be used by courts interchangeably when referring to the citizenship of an L.L.C. for diversity jurisdiction purposes"); *Storm River, LLC v. Jordan Foster Constr., LLC*, No. 24-CV-0327-WJ-JFR, 2024 WL 3202355, at *3 (D.N.M. June 27, 2024) (concluding that "diversity does not exist if any member or owner of an LLC shares citizenship with the opposing party") (citations omitted); Fed. R. Civ. P. 7.1(a)(2), advisory comm. notes on 2022 amends. (noting that an LLC "takes on the citizenship of each of its owners"); *but see Post v. Biomet, Inc.*, No. 3:20-CV-0527-J-34JRK, 2020 WL 2766210, at *1 (M.D. Fla. May 28, 2020) (acknowledging "that the terms 'owner' and 'member' have sometimes been used synonymously with respect to limited liability companies," but noting that "these terms are not always interchangeable"); *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 408 (5th Cir. 2023) (noting a "potentially important difference between LLC membership and LLC ownership" because "[s]everal states," including Delaware, "permit LLC membership without ownership").

1.    Plaintiff's motion to remand [ECF No. 12] is GRANTED.

2.    This action is REMANDED to the District Court for the Fourth Judicial

District, County of Hennepin, State of Minnesota.

3.    Third-party defendants' motion to dismiss the third-party complaint [ECF

No. 12] is DENIED AS MOOT.

Dated: March 25, 2026                    /s/ Patrick J. Schiltz
                                         Patrick J. Schiltz, Chief Judge
                                         United States District Court