UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| NEUROCOLOR, LLC,<br><br>Plaintiff and Counter Defendant,<br><br>v.<br><br>JOHN TIERNEY, as Executor of the Estate of Helen Fisher,<br><br>Defendant, Counter Plaintiff, and Third-Party Plaintiff,<br><br>v.<br><br>DAVID LABNO and LIISA LABNO,<br><br>Third-Party Defendants. | Case No. 25-CV-2089 (PJS/JFD)<br><br>ORDER |

Brandon Underwood, FREDRIKSON & BYRON, P.A., for plaintiff, counter defendant, and third-party defendants.

Erick G. Kaardal, Gregory M. Erickson, and Elizabeth A. Nielsen, MOHRMAN, KAARDAL & ERICKSON, P.A., for defendant, counter plaintiff, and third-party plaintiff.

Plaintiff NeuroColor, LLC ("NeuroColor") filed this case in state court against defendant John Tierney, as Executor of the Estate of Helen Fisher (the "Estate"). The Estate removed to federal court. The removal raised a difficult jurisdictional question with which only NeuroColor chose to engage. *See* ECF No. 28 at 7. After doing the

Estate's legal work for it, the Court ultimately remanded the case. NeuroColor now moves to recover the attorney's fees and costs it incurred in successfully opposing removal. For the reasons that follow, the Court reluctantly denies NeuroColor's motion.

## I. BACKGROUND

The parties' dispute arose from the death of Dr. Helen Fisher, one of NeuroColor's three members. Upon Fisher's death, her interests in NeuroColor passed to the Estate by operation of law. NeuroColor thereafter brought a declaratory-judgment action in state court against the Estate, seeking to enforce a provision of the LLC agreement that gave NeuroColor the right to purchase Fisher's interests from the Estate at fair market value. Compl., ECF No. 1-1.

The Estate removed the lawsuit to this Court, invoking diversity jurisdiction. *See generally* ECF No. 1. The Estate's notice of removal reflected the mistaken belief that an LLC takes the citizenship of the state in which it is incorporated and the state in which it has its principal place of business. In fact, as federal courts have made clear for many years, an LLC "takes the citizenship of all of its members and 'sub-members' and 'sub-sub-members.'" *Key Enters., LLC v. Morgan*, No. 12-CV-2628 (PJS/JSM), 2013 WL 353911, at *1 (D. Minn. Jan. 29, 2013).

NeuroColor moved to remand, and its motion raised a difficult question: In determining whether diversity jurisdiction exists under 28 U.S.C. § 1332(a)(1), must the

Court impute the Estate's citizenship to the LLC? *See* ECF Nos. 12, 28. After receiving briefing from the parties and carefully reviewing the relevant precedents, the Court concluded that the Estate's citizenship should be imputed to the LLC, that complete diversity did not exist, and that the case should be remanded. ECF No. 28 at 11–12. At the same time, the Court expressed frustration that this issue had not even been mentioned in the Estate's notice of removal—and then, after the issue was brought to the Estate's attention, the Estate failed to adequately brief it:

> To the Estate's credit, this case presents a difficult jurisdictional question that neither the Supreme Court nor the Eighth Circuit has squarely addressed: "whether the citizenship of a non member interest owner in an LLC, such as the Estate here, should be imputed to the LLC." Not to the Estate's credit, however, it has made little effort to engage with this question in either its woefully inadequate notice of removal or its not-much-better brief. The Estate essentially leaves it to the Court to do its legal work for it.

ECF No. 28 at 7 (quoting ECF No. 13 at 10).

NeuroColor now seeks to recover the attorney's fees and costs that it "incurred solely as a result of the Estate's improper removal." ECF No. 34 at 2; Underwood Decl. Ex. A at 3, ECF No. 35-1. NeuroColor argues that the Estate lacked an objectively reasonable basis for removal because the Estate (1) fundamentally misunderstood how to plead the citizenship of LLCs when it removed the case and (2) then, in its brief, fixated on the forum-defendant rule, which was irrelevant. ECF No. 34 at 10–14.

## II. ANALYSIS

A court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of [an improper] removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances," however, "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*

When evaluating the reasonableness of a party's removal, a court must consider "the objective merits of removal at the time of removal, irrespective of the ultimate remand." *Convent Corp. v. City of N. Little Rock*, 784 F.3d 479, 483 (8th Cir. 2015) (quotation omitted). If a court "exercises its discretion [to award fees], its reasons . . . should be faithful to the purposes of awarding fees under § 1447(c)." *Martin*, 546 U.S. at 141 (quotation omitted). In other words, a court "should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.

Here, the problem for NeuroColor is that an objectively reasonable argument for removal existed at the time of removal, even though the Estate did not mention it, and even though, after the issue was brought to the Estate's attention, the Estate did not seem to understand it. The Supreme Court has made clear that a remanding court

should not award fees "when an objectively reasonable basis *exists*" for removal. *Id.* at 141 (emphasis added). The Supreme Court has not required that the objectively reasonable basis be explicitly *invoked*.

This makes sense. As noted, the purpose of fee shifting under § 1447(c) is to deter parties from removing "for the purpose of prolonging litigation and imposing costs on the opposing party." *Id.* at 140. That may have been the *consequence* of the Estate's removal, but there is no reason to believe that it was the Estate's "purpose." As far as the Court can tell, the Estate sincerely—if mistakenly—believed that this Court had subject-matter jurisdiction.

Moreover, the Estate's mistake did not inflict unnecessary costs on NeuroColor. This Court had to make its own determination about whether it had subject-matter jurisdiction. Thus, no matter what the Estate said (or failed to say), NeuroColor would have had to brief the difficult jurisdictional issue, and the Court would have had to rule on it.

The Court shares NeuroColor's frustration with the poor legal work done by the Estate's attorneys, but the bottom line is that the Estate had an objectively reasonable basis for removing, even if its attorneys did not realize it. It is possible that NeuroColor could have recovered sanctions for the poor legal work under Fed. R. Civ. P. 11, but the existence of the objectively reasonable basis for removal precludes this Court from awarding fees and costs under § 1446(c). *See Roxbury Condo. Assoc., Inc. v. Anthony S.*

*Cupo Agency*, 316 F.3d 224, 228 (3d Cir. 2003) (reversing grant of fees when there was a "colorable removal claim in an area of unsettled law"); *Minnesota v. Am. Petroleum Inst.*, No. 20-CV-1636 (JRT/HB), 2021 WL 3711072, at *5 (D. Minn. Aug. 20, 2021) (denying motion for fees when remand order required consideration of "nuanced and complex questions"); *Williamson v. Com. Bank*, No. 18-CV-0513, 2018 WL 4725217, at *4 (W.D. Mo. Oct. 2, 2018) (declining to award fees "especially given that the Eighth Circuit has not addressed the exact issue in this case"); *see also Johnson-Brown v. 2200 M Street LLC*, 257 F. Supp. 2d 175, 181 (D.D.C. 2003) ("[C]ourts tend not to impose costs and expenses on the removing party if the relevant law is unsettled or removability is unclear.").[1]

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT plaintiff's motion for attorney's fees upon remand to state court [ECF No. 31] is DENIED.

---

[1]Typically, when courts award fees after a removing party fails to investigate or allege the citizenship of an LLC, diversity jurisdiction is found to be *clearly* lacking. *E.g.*, *MTC Dev. Grp., LLC v. Lewis*, No. 11-C-7062, 2011 WL 5868236, at *5 (N.D. Ill. Nov. 20, 2011) (granting fees because the non-diverse parties would have "avoided completely unnecessary proceedings in federal court" if the removing party had "taken reasonable and appropriate steps to ascertain jurisdiction"); *Salisbury House, LLC v. Citizens Ins. Co. of Am.*, No. CV-24-3378, 2025 WL 1332209, at *2–3 (D. Md. May 7, 2025) (awarding fees when removing party did not agree to remand even after receiving proof that there was not complete diversity); *but cf. Dr.'s Assocs. LLC v. Beri*, No. 25-CV-1661, 2026 WL 622628, at *3 (D. Conn. Mar. 5, 2026) (finding that a failure to "reasonably inquire" into an LLC's citizenship was alone sufficient to award attorney's fees, but acknowledging that "defendants were on notice that their assertion as to . . . citizenship was potentially fatal jurisdictionally").

Dated: November 19, 2026

/s/ Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge